**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| WILLIBAM BAXTER, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No. 1:12-cv-0482-SEB-DKL |
| | ) |
| KEITH BUTTS, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas**
**Corpus and Denying Certificate of Appealability**

**I.**

Having considered the pleadings and the expanded record in this action for habeas corpus relief brought by William Baxter ("Baxter"), the court concludes that his petition for a writ of habeas corpus must be **denied.**

**A.**

Baxter was convicted of murder and attempted murder in 2005. *See Baxter v. State of Indiana,* No. 42A02-0504-CR-296 (Ind.Ct.App. 2006). Baxter's attempted murder conviction was vacated at post-conviction appeal. *Baxter v. State of Indiana,* No. 49A02-0908-PC-724 (Ind.Ct.App. 2010). He now challenges the murder conviction through his petition for writ of habeas corpus.

The respondent has appeared in the action and argues for various procedural reasons that Baxter's habeas petition should be denied. The respondent argues that Baxter's habeas petition was not timely filed, that one claim is not cognizable under the federal habeas statute, and that the claims which are cognizable are barred by procedural default. Baxter has replied.

**B.**

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. § 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief.

The facts pertinent to the computation of the statute of limitations are the following:

- The decision in Baxter's direct appeal was issued on March 15, 2006.

- Baxter's petition for transfer was denied by the Indiana Supreme Court on April 27, 2006.

- The last day on which Baxter could have filed a timely petition for writ of certiorari review with the United States Supreme Court was July 26, 2006.

- On November 15, 2006, Baxter filed a petition for state post-conviction relief. At that point, 112 days had run on the one-year statute of limitations.

- Baxter's petition for post-conviction relief was denied on June 17, 2009.

- On June 13, 2010, the Indiana Court of Appeals reversed in part the post-conviction court and held that Baxter received ineffective assistance of trial and appellate counsel with respect to the failure to object to and challenge the accomplice liability instruction for attempted murder. Based on this finding, the Indiana Court of Appeals vacated Baxter's attempted murder conviction. The murder conviction, however, was affirmed.

- On September 28, 2010, the Indiana Supreme Court denied the State's request for transfer.

- On November 22, 2011, the trial court entered an order vacating Baxter's attempted murder conviction.

- Baxter signed his petition for writ of habeas corpus on April 10, 2012. That petition was filed with the clerk on April 14, 2012.

The legal significance of the foregoing facts is the following:

- Baxter's conviction was "final" for purposes of the AEDPA on July 26, 2006. *See Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired); *Powell v. Davis,* 415 F.3d 722, 726 (7th Cir. 2005).

- The statute of limitations established by 28 U.S.C. 2244(d) began to run on July 26, 2006, and continued to run until Baxter filed his petition for post-conviction relief on November 15, 2006.

- The statute of limitations was tolled from November 15, 2006, until September 28, 2010, which is the date the Indiana Supreme Court denied the State's request for transfer. This is the date upon which Baxter's conviction for murder was final for purposes of resuming the running of the statute of limitations. Baxter's argument that he "waited for [the attempted murder] reversal to be resolved by the State so he could include any further claims resulting from a retrial" and that "[the] Amended Abstract of Judgment on November 22, 2011, [made] State proceedings final on that date" is unpersuasive. Had there been a conviction on the remanded charge of attempted murder (the charge was in fact dismissed prior to a retrial), it would have been a conviction separate from the conviction for murder which was affirmed on June 13, 2010, with the petition for transfer being denied on September 28, 2010.

- The statute of limitations established by 28 U.S.C. 2244(d) expired on June 8, 2011, 253 days following the Indiana Supreme Court's denial of the State's request for transfer.

- Applying the prison mailbox rule, Baxter's habeas petition can be considered to have been "filed" on the date it was signed. *Jones v. Bertrand,* 171 F.3d 499 (7th Cir. 1999). This date was April 10, 2012, 307 days *beyond* the expiration of the AEDPA statute of limitations.

The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000). Baxter's habeas petition was filed more than 10 months after the statute of limitations expired.

### C.

Baxter argues that the trial court erroneously excluded part of his brother's testimony as hearsay. Insofar as this claim constitutes a challenge to an evidentiary ruling by the trial court, evidentiary rulings are not subject to collateral review. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions"); *Dressler v. McCaughtry,* 238 F.3d 908, 914 (7th Cir. 2001). Federal habeas courts may only review a state evidentiary ruling if it is erroneous and is of a constitutional magnitude, *i.e.,* the state court's ruling must be so prejudicial as to compromise the habeas petitioner's due process right to a fundamentally fair trial creating the likelihood that an innocent person was convicted. *Morgan v. Krenke*, 232 F.3d 562 (7th Cir. 2000). The trial court's ruling in this case was not of this nature, and hence this claim will not support the award of federal habeas relief.

**D.**

"It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Breard v. Greene,* 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes,* 433 U.S. 72 (1977)). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992), *cert. denied,* 508 U.S. 962 (1993).

When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.,* the errors worked to the petitioner's '*actual* and substantial disadvantage,*'*); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d at 649 (internal citations omitted). "Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982).

The Indiana Court of Appeals noted that "Baxter failed to object to the comments that the deputy prosecutor made during closing argument. Hence, Baxter has waived the issue." *Baxter I*, at p. 8. Similarly, Baxter's freestanding claim regarding the accomplice liability instruction was not presented to the Indiana Supreme Court in his petition to transfer the decision of the Indiana Court of Appeals. These circumstances constitute Baxter's procedural default. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); ("'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary.").

Baxter argues that the prosecutorial misconduct and instructional error claims are not barred by procedural default because the Indiana Attorney General admits that Baxter exhausted his state court remedies. In presenting this argument, however, Baxter confuses the related but distinct doctrines of procedural default and exhaustion of available state court remedies. As then Circuit Judge Sotomayor explained for the panel in *Galamez v. Kean*, 394 F.2d 68 (2nd Cir. 2005), "[c]omity concerns lie at the core of the exhaustion requirement. . . . The procedural default doctrine protects the integrity of the exhaustion rule, ensuring that state courts receive a legitimate opportunity to pass on a petitioner's federal claims and

that federal courts respect the state courts' ability to correct their own mistakes." *Id.* at 72-73. She continued:

> A petitioner may not evade exhaustion's strictures by defaulting his or her federal claims in state court. Thus, a petitioner cannot claim to have exhausted his or her remedies by dint of no longer possessing "the right under the law of the State to raise, by any available procedure, the question presented," 28 U.S.C. § 2254(c), if at some point the petitioner had that right but failed to exercise it.

*Id.* at 73-74. It thus requires more than exhaustion to preserve a claim for federal habeas review. It requires that a claim have been fairly presented to the state courts when the opportunity to do so was available. It is this latter requirement which is at the core of avoiding procedural default. Baxter's version of exhaustion does not answer the right question and he has not attempted otherwise to overcome the consequences of his procedural defaults. The court is therefore barred from reaching the merits of his claims of prosecutorial misconduct and instructional error.

### E.

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Baxter has encountered the hurdles produced by the 1-year statute of limitations and the doctrine of procedural default. He has not shown the existence of circumstances permitting him to overcome these hurdles, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed.** Judgment consistent with this Entry shall now issue.

### II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Baxter has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 11/26/2012

*[signature]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana